UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**MICHAEL BLANK,**

   Plaintiff,

v

**KAWASAKI HEAVY INDUSTRIES (USA), INC., AND KAWASAKI MOTORS CORP., USA,**

   Defendants.

File No:

Hon.

Petrucelli & Waara, P.C.
Attorneys for Plaintiff
By:  Vincent R. Petrucelli (P30055)
328 W. Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone:  (906) 265-6173

**Complaint And Jury Demand**

  Comes now the plaintiff, Michael Blank, by and through his attorneys, Petrucelli & Waara, P.C., and for his complaint, states:

  1. Plaintiff Michael Blank resides at 700 Cedar Street, Alto Pass, Illinois. He is a citizen of Illinois.

  2. Defendant Kawasaki Heavy Industries (USA), Inc., is a foreign profit corporation organized under the laws of New York. Its resident agent is The Corporation Company, 40600Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170.

3. Kawasaki Heavy Industries (USA), Inc., designs, engineers, and manufactures off-road vehicles, including all-terrain vehicles (ATVs), together with related replacement parts, garments, and accessories. It sells these products through dealers and distributors located in the United States, including Michigan.

4. Defendant Kawasaki Motors Corp., USA, is a foreign profit corporation organized under the laws of Delaware. Its resident agent is J.D. Boldrey, C.P.A., 117 State Avenue, Alpena, MI 49707.

5. Kawasaki Motors Corp., USA designs, engineers, and manufactures off-road vehicles, including all-terrain vehicles (ATVs), together with related replacement parts, garments, and accessories. It sells these products through dealers and distributors located in the United States, including Michigan.

6. The incident giving rise to this claim occurred on 7 September 2015, on an ORV trail near Amasa, Iron County, Michigan.

7. Jurisdiction of this court is proper under 28 § USC 1332 by reason of the diversity of the citizenship of the parties and because the amount in controversy exceeds seventy-five thousand dollars ($75,000).

## General Allegations

8. Michael Blank owned a 2005 Kawasaki Brute Force ATV.

9. The 2005 Kawasaki Brute Force ATV's serial number is JKAVFDB115B502734.

10. Michael Blank registered the 2005 Kawasaki Brute Force ATV in Michigan.

11. Michael Blank garaged the 2005 Kawasaki Brute Force ATV at his Amasa, Michigan property.

12. On 7 September 2015, Michael Blank and a group of friends road their ATVs on the ORV trail system near Amasa, Iron County, Michigan.

13. On the date and time giving rise to this action, Plaintiff Michael Blank road his 2005 Kawasaki 750 Brute Force ATV.

14. Kawasaki Heavy Industries (USA), Inc. and Kawasaki Motors Corp., USA designed, manufactured, and placed into the stream of commerce the 2005 Kawasaki Brute Force ATV bearing serial number JKAVFDB115B502734.

15. The Kawasaki 750 Brute Force ATV design included a antifreeze overflow tank located near the operator's lower left leg.

16. After approximately two miles of riding the ORV trails, the pressure in the antifreeze overflow tank became dangerously high.

17. The increased pressure in the overflow tank caused the cap to explode and spew superheated radiator fluid onto Michael Blank's left leg.

18. As a direct and proximate result of being burned by the radiator fluid, Michael Blank sustained and suffered the following injuries and damages:

    (a) Serious injuries to his left leg, as well as other related and appreciable difficulties, injuries, and/or consequences that have occurred and/or developed and/or aggravated any pre-existing problems that may have existed;

    (b) Pain, suffering, and mental anguish;

    (c) Work loss or actual future loss of earnings to the extent such losses are recoverable in excess of the no fault insurance

statutory monthly and yearly maximums that are found applicable to this action;

(d)     Loss of services;

(e)     Medical care;

(f)     Other damages, injuries, and consequences that are found to be related to the automobile accident that develop during the course of discovery, to the extent that the damages are recoverable under the Michigan No Insurance Fault Act.

## Count I
### (Negligence Of Kawasaki Heavy Industries (USA), Inc.)

19.     Michael Blank repeats and realleges paragraphs 1 thru 18 as if fully set forth herein.

20.     At all relevant times, Kawasaki Heavy Industries (USA), Inc., had a duty to exercise reasonable care and to comply with existing standards of care in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, and sale of its all-terrain vehicles, including the 2005 Kawasaki 750 Brute Force model, which it introduced into the stream of commerce as effective and safe products, including a duty to ensure that it would not subject the operator or third parties to unreasonably dangerous or untoward risks of injury.

21.     At all relevant times, defendant Kawasaki Heavy Industries (USA), Inc., had a duty to warn all users of the 2005 Kawasaki 750 Brute Force of the risks and dangers associated with the design flaw of the antifreeze overflow tank.

22.     At all relevant times, defendant Kawasaki Heavy Industries (USA), Inc., knew or reasonably should have known that the design flaw of the antifreeze overflow tank on the 2005 Kawasaki 750 Brute Force ATV

was unreasonably dangerous and defective when used as directed and designed and was not reasonably fit for its intended purpose.

23. Based on what it knew or reasonably should have known as described above, defendant Kawasaki Heavy Industries (USA), Inc., deviated from principles of due care, deviated from standards of care, and otherwise was negligent in one or more of the following particulars:

    (a) Failing to properly design the antifreeze overflow tank on the 2005 Kawasaki 750 Brute Force ATV;

    (b) Failing to properly manufacture the 2005 Kawasaki 750 Brute Force ATV;

    (c) Failing to properly test all components of the 2005 Kawasaki 750 Brute Force ATV, including the antifreeze overflow tank;

    (d) Failing to properly warn of the dangers associated with the 2005 Kawasaki Brute Force ATV.

24. The 2005 Kawasaki 750 Brute Force ATV was not reasonably safe at the time it left Kawasaki Heavy Industries (USA), Inc.'s control.

25. At the time the 2005 Kawasaki 750 Brute Force ATV left Kawasaki Heavy Industries (USA), Inc., a technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the 2005 Kawasaki 750 Brute Force to users and without creating greater or equal risk of harm to others.

26. Kawasaki Heavy Industries (USA), Inc.'s breaches of duty proximately caused Michael Blank's injuries and damages.

27. Kawasaki Heavy Industries (USA), Inc.'s conduct amounts to gross negligence since its conduct was so reckless that it demonstrated a lack of concern whether injury would result to Michael Blank.

## Count II
### (Negligence Of Kawasaki Motors Corp., USA)

28. Michael Blank repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. At all relevant times, Kawasaki Motors Corp., USA, had a duty to exercise reasonable care and to comply with existing standards of care in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, and sale of its all-terrain vehicles, including the 2005 Kawasaki 750 Brute Force model, which it introduced into the stream of commerce as effective and safe products, including a duty to ensure that it would not subject the operator or third parties to unreasonably dangerous or untoward risks of injury.

30. At all relevant times, defendant Kawasaki Motors Corp., USA, had a duty to warn all users of the 2005 Kawasaki 750 Brute Force of the risks and dangers associated with the design flaw of the antifreeze overflow tank.

31. At all relevant times, defendant Kawasaki Motors Corp., USA, knew or reasonably should have known that the design flaw of the antifreeze overflow tank on the 2005 Kawasaki 750 Brute Force ATV was unreasonably dangerous and defective when used as directed and designed and was not reasonably fit for its intended purpose.

32. Based on what it knew or reasonably should have known as described above, defendant Kawasaki Motors Corp., USA, deviated from principles of due care, deviated from standards of care, and otherwise was negligent in one or more of the following particulars:

    (a)    Failing to properly design the antifreeze overflow tank on the 2005 Kawasaki 750 Brute Force ATV;

    (b)    Failing to properly manufacture the 2005 Kawasaki 750 Brute Force ATV;

    (c)    Failing to properly test all components of the 2005 Kawasaki 750 Brute Force ATV, including the antifreeze overflow tank;

    (d)    Failing to properly warn of the dangers associated with the 2005 Kawasaki Brute Force ATV.

33.    The 2005 Kawasaki 750 Brute Force ATV was not reasonably safe at the time it left Kawasaki Motors Corp., USA's control.

34.    At the time the 2005 Kawasaki 750 Brute Force ATV left Kawasaki Motors Corp., USA, a technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the 2005 Kawasaki 750 Brute Force to users and without creating greater or equal risk of harm to others.

35.    Kawasaki Motors Corp., USA's breaches of duty proximately caused Michael Blank's injuries and damages.

36.    Kawasaki Motors Corp., USA's conduct amounts to gross negligence since its conduct was so reckless that it demonstrated a lack of concern whether injury would result to Michael Blank.

### Count III
### (Breach Of Implied Warranty By Kawasaki Heavy Industries (USA), Inc. And Kawasaki Motors Corp., USA)

37.    The plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38. Defendants Kawasaki Heavy Industries (USA), Inc. and Kawasaki Motors Corp., USA, warranty implied that their 2005 Kawasaki 750 Brute Force ATV was of merchantable quality and safe and fit for the use for which it was intended.

39. Michael Blank relied on the skill and judgment and implied warranty of Kawasaki Heavy Industries (USA), Inc. and Kawasaki Motors Corp., USA, that their 2005 Kawasaki 750 Brute Force ATV was of merchantable quality and safe and fit for the purpose for which it was intended.

40. Contrary to defendants Kawasaki Heavy Industries (USA), Inc. and Kawasaki Motors Corp., USA's implied warranty, their 2005 Kawasaki 750 Brute Force ATV was not of merchantable quality and was neither safe nor fit for the purpose for which it was intended in that it had serious risks of harm and dangerous propensities when put to its intended use and would instead cause severe injuries to others, including Michael Blank.

41. As a result of Kawasaki Heavy Industries (USA), Inc. and Kawasaki Motors Corp., USA's breach of warranty, Michael Blank suffered and will continue to suffer injuries, damages, and losses alleged and described herein.

42. Kawasaki Heavy Industries (USA), Inc. and Kawasaki Motors Corp., USA's conduct was reckless in that it demonstrated a lack of concern whether injury would result to Michael Blank.

Wherefore, plaintiff Michael Blank seeks a judgment to be entered in his behalf and against defendants Kawasaki Heavy Industries (USA), Inc. and Kawasaki Motors Corp., USA, in whatever amount he is found to be entitled in excess of $75,000, plus interest, costs, and attorney fees.

Dated:   July 23, 2018          **Petrucelli & Waara, P.C.**
                                Attorneys for Plaintiffs


                                By:   s/Vincent R. Petrucelli
                                    Vincent R. Petrucelli
                                    328 West Genesee St., P.O. Box AA
                                    Iron River, Michigan 49935
                                    Telephone:   906-265-6173
                                    vincent@truthfinders.com

### Jury Demand

The plaintiff hereby demands trial by jury of all issues so triable.

Dated:   July 23, 2018          **Petrucelli & Waara, P.C.**
                                Attorneys for Plaintiffs


                                By:   s/Vincent R. Petrucelli
                                    Vincent R. Petrucelli
                                    328 West Genesee St., P.O. Box AA
                                    Iron River, Michigan 49935
                                    Telephone:   906-265-6173
                                    vincent@truthfinders.com